## DAVID JOY *et al. versus* CHARLES SEARS.

Where a vessel is sold while at sea, it is sufficien; for the vendee, in order to main tain his title against a subsequent purchaser or attaching creditor, to take posses sion of her without any unreasonable delay after her arrival.

Whether the purchaser has taken possession of the vessel within a reasonable time after her arrival, is a question to be decided by the jury upon the circumstances of the case.

One eighth of a vessel at sea belonging to Hyannis, was sold to a person residing in Nantucket, on August 11th; she arrived at Hyannis August 22d, and sailed from there August 29th, on a new voyage, and returned there again September 16th, and was attached as the property of the vendor September 17th. The vendee came from Nantucket by the first packet after receiving news of her arrival, and arrived at Hyannis September 23d, and on that day replevied the vessel. It did not appear that the vendee knew of the vessel's being at Hyannis in August, while she was there. *Held*, that the vendee's title should prevail against the attachment.

THIS was replevin of the schooner Herald. The defendant pleaded property in Richard L. Lovell.

At the trial, before *Morton* J., it appeared, that on August 11th, 1828, Lovell, being the owner of one eighth of the Herald, executed a bill of sale of his eighth to the plaintiff Joy. The other plaintiffs were owners of the other seven eighths of the vessel. The Herald belonged to Hyannis in Barnstable, but was at sea when the bill of sale was executed. She returned in August from the southward, and got aground and went into Bass river, a few miles from Hyannis, to repair ; where she was detained about a week, and arrived at Hyannis

August 22d, it having been expected, however, that she would have gone to Boston instead of Hyannis, on her return from the south. She sailed again with a load of salt, August 29th, for Maine, and returned to Hyannis with a cargo of lumber, September 16th. On September 17th she was attached by the defendant in a suit against Lovell.

Joy, who resided at Nantucket, came to Hyannis by the first packet which sailed for that place after he heard of the arrival of the Herald. He arrived there September 23d, and on the same day filed his bill of sale in the collector's office, and replevied the vessel. He had made no attempt to take possession of the Herald before this time. Packets usually run from Nantucket to Hyannis three times a week.

The plaintiffs were to be nonsuited, or the defendant to be defaulted, according to the opinion of the Court.

*Marston*, for the plaintiffs, cited *Putnam* v. *Dutch*, 8 Mass. R. 287 ; *Portland Bank* v. *Stacey*, 4 Mass. R. 661 ; *Buffington* v. *Curtis*, 15 Mass. R. 528 ; *Badlam* v. *Tucker*, 1 Pick. 389.

*Reed*, *contrà*, contended that Joy was guilty of an unreasonable delay in not taking possession of the vessel while she was at Hyannis in August ; and that it was his duty to have had an agent there to give notice, when she arrived, of his purchase. *Portland Bank* v. *Stubbs*, 6 Mass. R. 422 ; *Lamb* v. *Durant*, 12 Mass. R. 54.

PARKER C. J. delivered the opinion of the Court. It appears that on the 11th of August, 1828, Lovell, then the owner of one eighth part of the vessel, for a full and valuable consideration, and in good faith, made a transfer, by bill of sale, of his property in the vessel to the plaintiff Joy, the other plaintiffs being owners of the other seven eighths. The vessel was then at sea, being on a coasting voyage from Hyannis to some of the southern ports. A delivery therefore of the vessel could not be made when the bill of sale was executed ; but by the principles of maritime law well known and adopted by the common law, the property passed by the execution and delivery of the bill of sale, subject however to be defeated, if, after the arrival of the vessel at her home port, there should be such a delay in taking possession by the vendee as should indicate a

*Oct. 20th*

*Oct. 22d*

1 *

fraudulent intention in the transfer ; and where the delay and negligence are gross, they will of themselves defeat the conveyance against any subsequent purchaser or attaching creditor.[1] This delay and negligence must be judged of by the jury ; for whether they exist or not, depends upon the situation and circumstances of the vessel and of the vendee.   This principle is too familiar to need the citation of authorities to support it ; those cited by the counsel in the argument are sufficient.

Whenever, therefore, the vessel which is the subject of the transfer is at sea at the time of the sale, it becomes a proper subject of inquiry by the jury, whether possession was taken by the vendee in a reasonable time after her arrival, under all the circumstances of the case.

The defendant in this case has agreed to be defaulted, in case the facts reported would have justified a verdict in favor of the plaintiffs ; and we are clearly of opinion they would. Joy, the vendee of one eighth, lived at Nantucket.   The vessel, on her return from the southward, came into Hyannis, though it was expected she would go to Boston.   She arrived on the 22d of August, having been a few days at Bass river, four miles distant.   She remained at Hyannis seven days, and then went to the eastward.   The case does not find that Joy knew of her being at Hyannis, and this knowledge cannot be inferred from the fact of the communication by packets between Hyannis and Nantucket.   It was suggested that he ought to have had some agent at Hyannis to take possession of the vessel ; but we do not find that this has been required, nor is it necessary.   Under the circumstances of this case it would have been more proper to have had an agent at Boston than at Hyannis.

The fact that Joy was only one of several tenants in common, would render the taking possession a mere formal act, and therefore of the less consideration on the question whether the sale were fraudulent or not.

The vessel returned to Hyannis from Maine on the 16th of September, and was attached by the defendant on the 17th, and

---

[1] See *Brinley* v. *Spring*, 7 Greenl. 241 ; *Gardner* v. *Howland*, 2 Pick. 602 Long on Sales (Rand's ed.) 347 to 350, and cases cited ; Chitty on Contr (4th Am. ed.) 308 and notes.

on the 23d was replevied. It is stated that Joy came to Hyannis for this purpose, in the first packet after hearing of the arrival of the vessel. This is all that could be expected of him, and entitles him to the possession of the property in the vessel which he purchased.

These facts being, as is stated, uncontradicted, would have entitled the plaintiffs to a verdict ; and that being the case, according to the agreement, the defendant must be defaulted, and judgment rendered for damages for the taking and detention ; which in this case are nominal, as the plaintiffs do not appear to have suffered any thing from the act of the defendant.